# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

GLEN WILLIAM ROBELEN
a/k/a "G"

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  04-cr-00343-EWN-02

USM Number:  16427-179

Paul C. Looney, Retained
(Defendant's Attorney)

**THE DEFENDANT:** Pleaded guilty to counts one and two of the Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 963 and 841(a)(1) and (b)(1)(C) | Conspiracy to Import MDMA ("Ecstasy") into the United States | 12/19/03 | One |
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) | Conspiracy to Possess with Intent to Distribute and to Distribute MDMA ("Ecstasy") | 12/19/03 | Two |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

July 15, 2005

Date of Imposition of Judgment

s/ Edward W. Nottingham

Signature of Judge

Edward W. Nottingham, U.S. District Judge

Name & Title of Judge

December 30, 2005

Date

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                                    Judgment-Page 2 of 8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months on each count, to run concurrently.

The court recommends that the Bureau of Prisons designate the defendant to FCI Bastrop, Texas, for service of his sentence.  The Court further recommends that the defendant be designated to a facility where he can participate in the Residential Drug Abuse Treatment Program (RDAP).

The defendant shall surrender for service of sentence at the institution designated by the United States Bureau of Prisons within fifteen days of the date of designation.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                                    Judgment-Page 3 of 8

Deputy United States Marshal

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                                   Judgment-Page 4 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve a term of three (3) years on each count, to run concurrently on supervised release.  Within seventy-two hours of his release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

The defendant shall not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

The defendant shall not illegally possess or use controlled substances.

The defendant shall submit to one drug test within fifteen days of his release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

The defendant shall not commit a federal, state, or local crime.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall observe thirteen of the fourteen "standard" conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                                    Judgment-Page 5 of 8

10)    The defendant shall permit a probation officer to visit him at any time at home or elsewhere
       and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or
       questioned by a law enforcement officer.

12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a
       law enforcement agency without the permission of the court.

13)    The defendant shall provide the probation officer with access to any requested financial
       information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)     The defendant shall participate in a program of testing and treatment for drug abuse, as
       directed by the probation officer, until he is released from the program by the probation officer.
       The defendant shall abstain from the use of alcohol or other intoxicants during the course of
       treatment and shall pay the cost of treatment as directed by the probation officer.

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One | $100.00 | $0.00 | $0.00 |
| Two | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $200.00 | $0.00 | $0.00 |

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                           Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment shall be paid immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                          Judgment-Page 8 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

1)    The court overrules the defendant's objection that the Plea Agreement should be followed in toto.  The court is not bound by the Plea Agreement and the defendant's objection is inconsistent with the advisory sentencing guidelines.

2)    The court finds that the applicable guidelines manual is the 2004 edition.  The defendant's cessation from criminal activity in the conspiracy in August 2004 does not equate withdrawal from the conspiracy.

3)    The court finds that the defendant should be held accountable for a total drug quantity of 1,500,000 pills.  This is the amount to which he admitted under oath at the change of plea hearing.

## ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):

Total Offense Level:  33

Criminal History Category:  I

Imprisonment Range:  135 to 168 months

Supervised Release Term:  3 years

Fine          $17,50    to  $2,000,000
Range:        0

The fine is waived because of the defendant's inability to pay.

## RESTITUTION DETERMINATIONS

Total Amount of Restitution:  None.

## DEPARTURE

The sentence departs below the advisory guideline range for the following reasons:

Pursuant to a U.S.S.G. 5K1.1 motion of the government based on the defendant's substantial assistance and the factors identified under 18 U.S.C. § 3553(a).

DEFENDANT:  GLEN WILLIAM ROBELEN
CASE NUMBER:  04-cr-00343-EWN-02                                    Judgment-Page 9 of 8
═══════════════════════════════════════════════════════════════════════════

        The court concludes that this statement of reasons for imposing a sentence in a criminal case
is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess.
1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and
the public of the reasons for the sentence.  It provides information to criminal justice researchers.")
No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not**
be a matter of public record.  Therefore, to facilitate systematic documentation of any decision
concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be
entered and filed by the clerk as part of the judgment.